UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and CARLOS CUESTA,

    Plaintiffs,
v.

CSM PARK MEADOWS LLC D/B/A
COURTYARD BY MARRIOT –
DENVER/PARK MEADOWS,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who

splits his time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS CUESTA, is also a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.     Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.     At all times material, Defendant, CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS, was and is a Limited Liability Corporation, organized under the laws of the state of Delaware, with a hotel and principal place of business in Englewood, Colorado.

7.     At all times material, Defendant, CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS, owned and operated a commercial retail center and place of public accommodation located at 8320 S. Valley Hwy Englewood, Colorado 80112 (hereinafter the "Commercial Property").

8.     Venue is properly located in the District of Colorado because Defendant' Commercial Property is located in Englewood, Colorado, Defendant regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Englewood, Colorado.

## FACTUAL ALLEGATIONS

9.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10.    Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendant continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

13.     Defendant, CSM PARK MEADOWS LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Englewood, Colorado, that is the subject of this Action.

14.     The subject Commercial Property is open to the public and is located in Englewood, Colorado.  The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 6, 2021 through September 7, 2021, encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

15. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has frequented the Defendant' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint, as a member of and to conduct business for ACCESS 4 ALL INCORPORATED.

16. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

17. The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

18. Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of the organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members

4

are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, CARLOS CUESTA, has also been discriminated against because of its association with its disabled members and their claims.

19. Defendant, CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and operates is the Commercial Property business located at 8320 S. Valley Hwy Englewood, Colorado 80112

20. Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal

enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS

21. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, CSM PARK MEADOWS LLC D/B/A COURTYARD BY MARRIOT – DENVER/PARK MEADOWS, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property include, but are not limited to, the following:

A. Parking and exterior Accessible Route

i. Accessible spaces lack compliant aisles, they are (< 60" wide) impeding Carlos Cuesta from unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible spaces lack clear and level aisles, they have slopes or cross slope of (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

iii. Accessible spaces lack clear and level aisles, they have slopes or cross slope of (>2%) endangering Carlos Cuesta when unloading and

6

iv. Plaintiff was unable to find signs posted at insufficient heights of (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

v. Plaintiff was prevented from safely exiting his vehicle at Courtyard S Park Meadows which lacks accessible unloading areas or (60" W x 20' L) are on slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Commercial Property which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406. Accessible routes at commercial retail center have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii. Ramps at Commercial Property lacks compliant landings at top and bottom of each run (30" rise max) endangering Plaintiff and violating the ADAAG and ADAS Section 405.

iii. Ramp surface contains an excessive slope/side slope of (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

iv. Ramp at Commercial Property is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

v. Curb ramp flares are sloped (>10%) creating a hazard for Carlos Cuesta and violating Section 4.7 of the ADAAG and Section 406 of the 2010 ADAS.

vi. Doors in Commercial Property have inadequate maneuvering clearance of (see chart) preventing use by Carlos Cuesta violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

    i. Counters are , in excess of 36", preventing Plaintiff from using, in violation of Section 7.2 (1) of the ADAAG.

    ii. Table knee and toe space is high (27" min) and deep (17" min), preventing use by Plaintiff.

    iii. There is inadequate clear floor space to access goods (30"x48" min), impeding Plaintiff, violating the ADAAG.

    D. <u>Public Restrooms</u>

    i. Sinks mounted (34" max) to rims, denying access to Plaintiff, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

    ii. Plaintiff unable to use Mirror due to bottom-reflecting surface (40" AFF max), violating the ADAAG and 2010 ADAS.

    iii. Stall door is not self-closing and/or lacks proper hardware, preventing use by Plaintiff, violating 2010 ADAS Sec. 604.

    iv. Toilet has improper centerline from side wall; (16" to 18"), denying access to Plaintiff, violating the 2010 ADAS.

    E. <u>Accessible Guestrooms and Suites</u>

    i. Maneuvering space at bed(s) (36" min) on sides or between two beds, prevents Plaintiff's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.

    ii. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF, preventing safe use to Plaintiff.

    iii. Accessible guest bathroom toilet seat is (17"-19"), preventing use by Plaintiff, violating the ADAAG and 2010 ADAS Section 604.

    iv. Accessible guest bathroom lavatory lacks knee and toe clearance to allow Plaintiff to pull under and use, violating the ADAAG and 2010 ADAS Section 606.

 v. Clear floor space in bathroom does not allow Carlos Cuesta to turn around in a 60" diameter circle or a "T"-turn area as shown in the ADAAG and 2010 ADAS Section 305.

 vi. Clear floor space in bathroom does not allow Plaintiff to turn around in a 60" diameter circle or a "T"-turn area as shown in the ADAAG and 2010 ADAS Section 305.

 vii. Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Plaintiff to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

 viii. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.

 ix. Horizontal grab bar not proper on wall alongside shower seat, wall opposite seat (not behind shower seat) for stabilization and aid in a shower wheelchair or transfer from a wheelchair to the folding shower seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

 x. Reservations staff at Commercial Property lacks ready access to information about the lodging facility's accessible guestrooms/suites (including specific information on types and sizes of accessible showers, bathtubs, and other features i.e., tub seats) for use in making reservations as per 28 CFR 36.302.

 xi. Accessible guestrooms/suites rates at Commercial Property are not the same as rates for guestrooms/suites that are not designated accessible, violating 28 CFR 36.301(c).

## **RELIEF SOUGHT AND THE BASIS**

24. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant' ADA violations. Plaintiff requests an inspection of the Defendant' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

9

requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

27.     Plaintiff, without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Englewood, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, respectfully request that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 5, 2021

          **GARCIA-MENOCAL & PEREZ, P.L.**
          *Attorneys for Plaintiff*
          1600 Broadway, Suite 1600
          Denver, CO  80202
          Telephone:  (720) 996-3500
          Facsimile:   (720) 381-0515
          Primary E-Mail:   ajperez@lawgmp.com
          Secondary E-Mail: dperaza@lawgmp.com;
          bvirues@lawgmp.com.

          By:  */s/ Anthony J. Perez*
              ANTHONY J. PEREZ
              Florida Bar No.: 535451
              BEVERLY VIRUES
              Florida Bar No.: 123713